IN RE APPLICATION OF JOSEPH J. CUPITA, JOSEPH J. CUPITA, APPELLANT, v. A. H. FECHNER, SUPERINTENDENT OF THE STATE HOSPITAL FOR THE INSANE AT LINCOLN, NEBRASKA, APPELLEE.

28 N. W. 2d 149

Filed June 20, 1947.   No. 32260.

*Winters & Winters,* for appellant.

*Walter R. Johnson,* Attorney General, and *Homer L. Kyle,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and TEWELL, District Judge.

MESSMORE, J.

This is an action on the application of Joseph J. Cupita, relator, for a writ of habeas corpus brought against the superintendent of the state hospital for the insane at Lincoln, Nebraska.

The application alleges the relator had been confined in the state hospital for the insane as an insane person since July 27, 1942; that on July 18, 1942, the father of the relator filed an information with the board of commissioners of insanity in Sarpy County, Nebraska, on which a warrant was issued for the

arrest of the relator on July 20, 1942; that hearing was had and the relator was adjudged insane, notwithstanding that the information and the warrant for arrest issued upon its filing stated that the relator was charged with dipsomania; that no application was made at any time in the nature of an information alleging that the relator was believed by the informant to be insane and a fit subject for custody and treatment in the state hospital for the insane, as required by section 83-323, R. S. 1943, therefore, the board of commissioners of insanity did not have jurisdiction to declare relator insane and have him committed as an insane person; and that all proceedings had in connection with the relator in such respect were null and void.

On December 13, 1946, the district court entered an order that the application for writ of habeas corpus be denied. Upon the overruling of motion for new trial, the relator appeals.

The appeal is presented on a case stated, which discloses that the relator was delivered to the state hospital for the insane at Lincoln, Nebraska, by the sheriff of Sarpy County, and is at this time a patient in the hospital, as an insane person. Upon hearing, the charge of dipsomania was ordered by the board of commissioners of insanity to be changed to insanity, and the relator was thereupon found by the board to be insane and a fit subject for treatment in the hospital. No information was filed at any stage of the proceedings charging the relator with insanity.

The relator contends that the proceedings of the commitment are void, for the reason that no information was filed charging relator with insanity, and therefore the board of commissioners of insanity had no jurisdiction to find the relator insane.

Section 83-323, R. S. 1943, provides in part: "Application for admission to a state hospital for the insane shall be made in writing in the nature of an information, verified by affidavit. The information shall allege

that the person in whose behalf the application is made is believed by the informant to be insane and a fit subject for custody and treatment in the hospital; * * *."

Section 83-324, R. S. 1943, provides in part: "Applications for admission of the persons mentioned in section 83-306 to a state hospital for the insane shall be made in writing in the nature of an information, verified by affidavit."

Section 83-306, R. S. 1943, provides: "Dipsomaniacs, inebriates and persons addicted to the excessive use of morphine, cocaine or other narcotic drugs, shall be admitted, detained, cared for and treated in the state hospitals for the insane."

Referring again to a part of section 83-324, R. S. 1943: "The information shall allege that the person, in whose behalf the application is made, is believed by the informant to be a dipsomaniac, * * * and a fit subject for treatment in the hospital; * * *."

Section 83-331, R. S. 1943, provides: "If the commissioners of insanity find the allegations of the information to be true, they shall impose a sentence of detention in a state hospital for the insane upon the proposed patient until he is cured, not exceeding three years."

Section 83-343, R. S. 1943, provides in part: "The writ of habeas corpus shall be available to any person confined in a state hospital for the insane. * * * Upon the hearing of the writ, if it shall appear that the commissioners of insanity had jurisdiction of the patient, the patient shall not be released from custody unless the patient has been restored to reason or has been cured. If the proceedings of the commissioners were so irregular as not to justify the detention of the patient, then the patient shall, by order of the court, be returned to the sheriff of the county from which he came, and new proceedings shall be had before the commissioners of insanity of the county."

It will be noted, section 83-323, R. S. 1943, refers specifically to an information which "shall allege that the person in whose behalf the application is made is believed by the informant to be insane, * * *." Section 83-324, R. S. 1943, refers to the class of persons specifically mentioned in section 83-306, dipsomaniacs, inebriates and persons addicted to the excessive use of morphine, cocaine or other narcotic drugs, and provides: "The information shall allege that the person, in whose behalf the application is made, is believed by the informant to be a dipsomaniac, * * *."

Section 83-307, R. S. 1943, provides: "The patients mentioned in section 83-306, shall be placed in separate wards at the state hospital for the insane and shall be given such treatment as is deemed best to eliminate the effects of alcohol or narcotic drugs, to build up their systems physically and mentally, and which will tend to strengthen their moral character and enable them to resist the temptation to use alcoholic drinks or narcotic drugs."

Section 83-320, R. S. 1943, confers jurisdiction on the commissioners of insanity by granting cognizance for admissions to the state hospitals for the insane for treatment or for the safekeeping of insane persons within their respective counties.

Section 83-322, R. S. 1943, vests jurisdiction in the commissioners of insanity in each county by granting cognizance of all applications for admission to the state hospitals for the insane of the persons mentioned in section 83-306, R. S. 1943, and provides that they shall have the same powers and exercise the same jurisdiction as in the case of an insane person.

The foregoing statutory provisions disclose a distinction between dipsomania and insanity, in the method of treatment and the period of custody, and it is apparent that a person charged with dipsomania is not considered in the class of insane persons.

In the instant case the board of commissioners of in-

sanity, upon their own motion, committed the relator as an insane person, as distinguished from the information in which he was charged with being a dipsomaniac. This was in violation of the mandatory provisions of the statute under which the relator was charged, and deprived the board of commissioners of insanity of jurisdiction under the circumstances.

In the case of In re Simmons, 76 Neb. 639, 107 N. W. 863, this court held: "The statute providing for the commitment of inebriates to the state hospital for the insane requires that an application 'in the nature of an information' be filed with the commissioners of insanity, alleging that the person in whose behalf the application is made is a dipsomaniac or inebriate and a fit subject for treatment in the hospital. There must be a hearing upon the information, and a finding by the commissioners that the information is true. A commitment without such information and finding is void."

In the body of the opinion the court said, after reviewing certain provisions of the statutes: "From these provisions of the statute it appears that, when a citizen is charged with being a dipsomaniac or an inebriate, there must be a trial and findings of fact, and there must be, of course, a record of this trial and of these findings, and this record must be kept with sufficient formality to show the jurisdiction of the commissioners in the premises, and also to show the action that was taken by the commissioners upon the complaint."

It is apparent that if an information charging dipsomania is necessary to confer jurisdiction on the board of commissioners of insanity to find a person a dipsomaniac, it follows there must be an information charging a person with insanity before the board of commissioners of insanity has jurisdiction to commit him as an insane person.

As stated in Ex parte Trant, (Mo. App.) 175 S. W. 2d 161: "An inquiry into one's sanity is a proceeding in invitum, and of the gravest character; and the law regu-

lates with no little precision the jurisidictional steps to be taken therein."

We conclude that the action of the board of commissioners of insanity of Sarpy County in committing the relator to the state hospital for the insane as an insane person, under the circumstances, was void and of no effect.

We have previously set out section 83-343, R. S. 1943. The part of such statute pertinent to the instant case is as follows: "If the proceedings of the commissioners were so irregular as not to justify the detention of the patient, then the patient shall, by order of the court, be returned to the sheriff of the county from which he came, and new proceedings shall be had before the commissioners of insanity of the county."

We conclude the foregoing part of section 83-343, R. S. 1943, is applicable to a determination of this appeal, and hold it should be followed in the instant case for the purpose of determining the rights of the relator as provided for by law. It is therefore ordered that the judgment of the district court be reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

JUDGMENT ACCORDINGLY.